104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Norman BESS, a/k/a "Porky", Defendant-Appellant.
 No. 96-1153.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: David H. Weiss, New York, New York.
 Appearing for Appellee: David H. Hennessy, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 Before OAKES, VAN GRAAFEILAND and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Norman Bess appeals from his conviction by a jury before Judge Ross. Bess was convicted of conspiring to rob a United States Postal Service employee, in violation of 18 U.S.C. §§ 371 and 2114(a), attempting to rob a United States Postal Service employee by putting her life in jeopardy through use of a dangerous weapon, in violation of 18 U.S.C. §§ 2 and 2114, and carrying or using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). On appeal, Bess asserts that a pretrial identification of him was the result of impermissibly suggestive line-up procedures and that the district court should have excluded evidence relating to the line-up identification, as well as any in-court identification.
 
 
 4
 On January 3, 1995, Sonya Haynes, a United States Postal Service mail carrier, was robbed by two men, one of whom pointed a gun at her during the commission of the crime. Later that day, Haynes notified the police and described the robber with the gun as a light-skinned black male with a thick mustache in his late teens or early twenties, about 5'6" in height and 140 pounds, and wearing a tan jacket.
 
 
 5
 That same month, on four different occasions, Haynes was shown five different photographic arrays, each array consisting of six photographs. No photograph was used more than once. On January 30, 1995, Haynes was shown a photographic array of six men, one of whom was Bess. Haynes did not identify Bess nor did she identify any of 29 other individuals shown to her in the photo arrays. A little over three months later, on May 7, 1995, Haynes viewed a line-up, comprised of Bess and five other men. Bess held a tan jacket on his lap. The detective who arranged the line-up did not dictate the clothing that Bess or the other five men wore to the line-up and in fact asked Bess to remove his jacket so that he and the others would all appear in the line-up with T-shirts. Haynes identified Bess as the robber who carried the gun.
 
 
 6
 At the pretrial suppression hearing, the district court denied Bess's motion to suppress the line-up identification, finding that it was not impermissibly suggestive.
 
 
 7
 In reviewing the district court's determination as to the admissibility of identification evidence, we adhere to a clearly erroneous standard. See United States v. Mohammed, 27 F.3d 815, 821 (2d Cir.), cert. denied, 115 S.Ct. 451 (1994); United States v. Jakobetz, 955 F.2d 786, 803 (2d Cir.) cert. denied, 506 U.S. 834 (1992). In this case, there was no clear error.
 
 
 8
 First, the district court reasoned that a photo array consisting of 30 separate pictures, only one of which was Bess, could not have tainted a later identification. Second, the district court found that the features and body types of the six men, including Bess, were all similar, and that, as a result, the line-up was "extraordinarily fair." Finally, the court found that the defendant's crumpled tan jacket, held in his lap, was well below his face and number, and, given all the circumstances of the line-up, could not have led to impermissible suggestiveness or a substantial likelihood of misidentification. After hearing testimony and reviewing the photographs, the district court found nothing in the line-up that might have caused Bess to stand out from all the other individuals. See Jakobetz, 955 F.2d at 803 (2d Cir.1992). We find no clear error here.
 
 
 9
 We therefore affirm.